**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

RICKEY DAVIS                                                                              PLAINTIFF

VS.                                                        CIVIL ACTION NO. 2:11cv143-MTP

JOEL THAMES, ET AL.                                                          DEFENDANTS

<u>**OMNIBUS ORDER**</u>

The parties appeared and participated in an omnibus hearing before the undersigned
United States Magistrate Judge on November 17, 2011.  Plaintiff appeared *pro se*, and Terry
Levy appeared on behalf of Defendants Joel Thames, Willie Wallace, Sandra Wallace, and Shea
Howell.  The court scheduled this hearing for the combined purposes of conducting a *Spears*[1]
hearing; a scheduling/case management hearing; and a discovery conference.  The court's
purpose in conducting the hearing is to ensure the just, speedy and inexpensive determination of
this *pro se* prisoner litigation.  After due consideration of the issues involved in this case and the
requests for discovery,

**THE COURT DOES HEREBY FIND AND ORDER AS FOLLOWS**:

<u>**JURISDICTION AND SUMMARY OF CLAIMS**</u>

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff's claims occurred
while he was a pre-trial detainee at the Lawrence County Jail (the "Jail"), where he is currently
incarcerated.  Plaintiff's claims were clarified and amended by his sworn testimony during the

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

*Spears* hearing;[2] accordingly, only the following claims remain pending before the court and no further amendments will be allowed absent a showing of good cause so that this case may proceed to disposition:[3]

Plaintiff alleges a claim against Defendants for the denial of adequate medical care in violation of the Fourteenth Amendment.[4]  Specifically, he claims he was denied adequate medical treatment for a rash on his knees and other parts of his body.

Plaintiff alleges a claim against Defendants for retaliation.  Specifically, he claims Defendants are retaliating against him for filing grievances and this lawsuit.  Joel Thames allegedly threatened to place him in lock-down if he continued with this suit.  Willie Wallace allegedly told him he would place all future medical requests from Plaintiff in the shredder.

## DISCOVERY AND OTHER ISSUES

1.     Plaintiff's Motion [2] regarding his mail is granted in part and denied in part.  In his motion, Plaintiff complains that his legal is being opened outside his presence.  Defendants deny that they have opened his mail and submit that any damaged mail delivered as unopened

---

[2]*See Hurns v. Parker*, 165 F.3d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[3]The court makes no finding as to whether such claims are meritorious at this time. Moreover, this summary of claims is not meant to be an exhaustive recitation of the facts alleged at the hearing in support of the claims.

[4]"The constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment."  *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996); *see also Brown v. Attala County Sheriff's Dep't*, No. 1:08CV96-A-A, 2009 WL 1750333, at *3 (N.D. Miss. Jun. 19, 2009) (citing *Hare*, 74 F.3d at 648 (holding that the subjective deliberate indifference standard applies to both pre-trial detainees under the Fourteenth Amendment and convicted inmates under the Eighth Amendment).

was damaged while in the possession of the U.S. Postal Service.  Plaintiff failed to establish he

has been injured in any way by the alleged mail tampering or that Defendants have acted

improperly.  However, Defendants represented that it the Jail's policy not to open legal mail and

to only open other mail in the Plaintiff's presence.  Defendants agreed to abide by this policy.

Accordingly, Defendants are directed to either deliver Plaintiff's mail to him unopened or to

open it in his presence.

2.      Plaintiff's Motion [23] for emergency medical treatment is denied for the reasons

stated at the hearing.  In his motion, Plaintiff claims he has a rash on his knees that is spreading

to other parts of his body.  Plaintiff claims Dr. Ahmed recommended he see a dermatologist for

his rash, but Joel Thames refuses to pay for it.  Defendants claim there is nothing in Plaintiff's

medical record recommending that he see a dermatologist.  Defendants claim Plaintiff has seen a

doctor for his rash on numerous occasions and has been prescribed ointment.  Plaintiff has failed

to meet the prerequisites required for the court to grant injunctive or other extraordinary relief.

*See Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001)

(holding that a party requesting a temporary restraining order or preliminary injunction must

demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a

substantial threat that failure to grant the injunction will result in irreparable injury; 3) the

threatened injury must outweigh any damage that the injunction will cause to the adverse party;

and 4) the injunction must not have an adverse effect on the public interest); *Lewis v. S.S. Baune,*

534 F.2d 1115, 1121 (5th Cir. 1976) ("An injunction is an extraordinary remedy and should not

issue except upon a clear showing of possible irreparable injury.").

3.      Defendants are directed to produce to Plaintiff copies of the following: all

grievances and/or correspondence regarding Plaintiff's medical treatment and the alleged

retaliation; and Plaintiff's medical records.  Defendants produced Plaintiff's institutional file

during the hearing, which includes his intake sheet, medical records, prescription log, etc.

Defendants are ordered to produce any remaining documents and/or a statement that such

documents do not exist by December 19, 2011.  Further, Plaintiff executed a medical

authorization; Defendants are ordered to produce to Plaintiff a copy of any and all records

received pursuant to the medical authorization upon receipt of such records.

      4.     There are no other discovery issues pending at this time.  The discovery

allowed herein will fairly and adequately develop the issues to be presented to the court, and no

other discovery is deemed reasonable or appropriate considering the issues at stake in this

litigation.  *See* Federal Rule of Civil Procedure 26(b)(1).

      5.     The deadline for filing motions (other than motions *in limine*) is February 15,

2012.

      6.     Plaintiff's failure to advise this court of a change of address or failure to comply

with any order of this court will be deemed as a purposeful delay and may be grounds for

dismissal without notice to Plaintiff.

      SO ORDERED AND ADJUDGED this the 18th day of November, 2011.

s/ Michael T. Parker
United States Magistrate Judge

4